GERMÁN ORTIZ, demandante-contrademandado-apelado, *v.* PEDRO G. QUIÑONES, demandado-contrademandante-apelante.

No. 5741.—*Sometido:* Diciembre 7, 1931. *Resuelto:* Diciembre 16, 1931.

*Pedro G. Quiñones* y *L. Muñoz Morales,* abogados del apelante; *Luis Tirado,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La presente es una acción en cobro de algunos pagarés que representan parcialmente el precio de venta de un automóvil. El otorgamiento de los pagarés, y puede decirse que la responsabilidad *prima facie* del demandado, no están en controversia. Sin embargo, el demandado presentó una contrademanda en que alegó, en efecto, que el automóvil le fué garantizado y que el demandante no cumplió la garantía. Se alegó en la contrademanda toda clase de daños remotos. Algunos de ellos eran de tal naturaleza que el demandado estaba en la obligación de advertirlos casi inmediatamente, máxime en lo que se refiere a defectos en la fabricación. La evidencia demostró que el demandado satisfizo algunos de los pagarés y usó su automóvil por bastante tiempo antes de formular una verdadera queja.

El apelado solicita la desestimación del recurso por frívolo. Sostiene que la contrademanda deja de exponer una causa de acción. Además de alegar el incumplimiento de la garantía, la referida contrademanda también alegó una causa de acción especial como *quanti minoris.* Hemos examinado la contrademanda y estamos inclinados a convenir con el apelado en que no se adujo una causa de acción suficiente. No se alegó claramente que los defectos surgieron en la fabricación del automóvil.

Sin embargo, una excepción previa a la contrademanda fué declarada sin lugar y el caso fué a juicio. La corte archivó una opinión elaborada y no halló evidencia alguna

de ninguno de los defectos de que se quejó el apelante. Tomemos un párrafo de la opinión:

"Tampoco la prueba ha demostrado que la rotura de sopandas, soporte de faroles, cristal, guardalodos y demás desperfectos que se alegan ocasionados al automóvil después de haberlo adquirido el demandado, se debe en realidad a mala calidad del material empleado en la fabricación, y no a la mayor o menor intensidad de los golpes que el propio demandado admite en su contrademanda sufrió el vehículo en distintas ocasiones."

Nada hemos hallado en la exposición del caso que pueda militar con éxito contra esta conclusión de la corte inferior. Estamos convencidos de que la apelación es enteramente frívola y el apelante nada ha hecho para persuadirnos de lo contrario.

En nuestro estudio de este caso, creímos que el alegato del apelante arrojaría alguna luz sobre la moción para desestimar. No aparece en los autos el alegato, a pesar de que el apelante ha obtenido un gran número de prórrogas para radicarlo. Una solicitud de prórroga fué presentada en noviembre 12, 1931, y el que suscribe la concedió como juez de ·turno, parcialmente por el motivo de que el demandado estaba algo enfermo. Generalmente, si una moción de prórroga se basa en enfermedad, esa excusa no debe extenderse por más de una prórroga de treinta días. Además, el expediente demuestra que el demandado, que es abogado, había obtenido los servicios de un compañero. La vista de la moción para desestimar tuvo lugar el 7 de diciembre, y el propio demandado argumentó el caso. Creemos que llegó a ser deber del demandado radicar su alegato de suerte que pudiéramos hallar motivos, de haberlos, por los cuales negar la desestimación. En vez de presentar su alegato, el apelante radicó el 11 de diciembre una moción de prórroga concebida en idénticos términos que la moción de noviembre 12, alegando nuevamente su delicada salud. La moción de prórroga debe ser declarada sin lugar, siendo la falta de radicar alegato otro motivo para desestimar el recurso.

Hubo otras cuestiones de prescripción y demás, que hallamos innecesario considerar.